**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE M. ORDONEZ, | : | CIVIL ACTION NO. 16-3018 (JLL) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| MICHAEL P. FEOLA, et al., | : | |
| Defendants. | : | |

**LINARES, District Judge**

**IN THIS ACTION** to recover damages for the alleged personal injuries suffered in a vehicular accident, the defendants move pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(4) and Rule 12(b)(5) to dismiss the complaint for failure to effectuate proper service. (See dkt. 16 – dkt. 16-2; dkt. 20.)[1] The plaintiff opposes the motion. (See dkt. 19 – dkt. 19-3.) The Court will resolve the motion upon review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court will deny the motion.

**FOR THE SAKE OF BREVITY**, the Court will not fully restate the procedural history and the motion practice preceding the current motion to dismiss. (See dkt. 1 (defendants removing the action under 28 U.S.C. § 1332(a) on May 26, 2016); dkt. 5

---

[1] This Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

(July 6, 2016 order granting the unopposed motion by defendants to dismiss based on plaintiff's arguably improper attempt to serve by mail, but dismissing the complaint without prejudice to plaintiff to file proof of proper service); dkt. 13 (July 27, 2016 order denying plaintiff's motion to vacate, but granting further leave to plaintiff "to effectuate service of process").)

**THE PLAINTIFF** has now filed affidavits demonstrating that the defendants have been served with a federal summons and the complaint. (See dkt. 14; dkt. 15.)

**THE DEFENDANTS** argue that the plaintiff failed to effectuate proper service by serving the dismissed original complaint, and that the plaintiff should have filed and served a complaint that was drafted anew for federal court. (See dkt. 16-1 at 4–9 (citing Rule 12(b)(4), Rule 12(b)(5), and Rule 41(b)).)

**THE ARGUMENT** of the defendants is without merit. The Court dismissed the complaint without prejudice, and did not direct the plaintiff in the two previous orders to draft and to file a new complaint in federal court. Furthermore, the defendants have provided no relevant case law to support their assertion that the plaintiff was required to file an entirely new complaint for this basic personal injury action. See Serfess v. Equifax Credit Info. Servs., LLC, No. 13-406, 2015 U.S. Dist. LEXIS 13621, at *7–8 (D.N.J. Feb. 5, 2015) (granting dismissal because, unlike the situation here, plaintiff failed to comply with an order to file an amended complaint); Manley v. Navmar Applied Scis. Corp., No. 12-5493, 2013 U.S. Dist. LEXIS 9537, at *8 (E.D. Pa. Jan. 24, 2013) (granting dismissal because, unlike the situation here, plaintiff "served . . . a partial copy of the complaint filed in state court . . . with no summons"). In addition, the defendants

concede that they have been served with a proper federal summons. (See dkt. 16-1 at 7.) The Court finds that the plaintiff has now effectuated proper service. See Fed.R.Civ.P. 4(c) (concerning service); see also Fed.R.Civ.P. 81(c)(2) (concerning removed actions).

**THE MOTION** will be denied. The defendants must answer, or present other defenses or objections, by October 11, 2016. See Fed.R.Civ.P. 81(c)(2).

**FOR GOOD CAUSE APPEARING**, the Court will enter an appropriate order.

JOSE L. LINARES
United States District Judge

**Dated:** September 20, 2016